IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD WARDRICK # 42442-066 )<br>P.O. BOX 8000 )<br>BRADFORD, PA 16701, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>320 FIRST ST. N.W. )<br>WASHINGTON, D.C. 20534. ) | No. 19-CV-184 |

# ORIGINAL COMPLAINT

## I.   Introduction

1. This suit is brought pursuant to the Religious Freedom Restoration Act ("RFRA"), which prohibits the federal government from substantially burdening a person's sincere exercise of religion unless that burden is supported by a compelling governmental interest and applied through the least restrictive means. 42 U.S.C. § 2000bb, *et seq*.

2. Plaintiff Donald Wardrick ("Wardrick") is a practicing Christian. Wardrick alleges that the Federal Bureau of Prisons' ("BOP") national policy or practice of refusing to consider RFRA when deciding the length and location of Residential Re-entry Center ("RRC") placements violates RFRA.

**II.     Parties**

3.      Donald Wardrick is an inmate incarcerated in federal prison. His federal register number is # 42442-066. His mailing address is FCI McKean, P.O. BOX 8000, Bradford, Pennsylvania 16701.

4.      Defendant Federal Bureau of Prisons is a federal agency. Its mailing address is 320 First St. N.W., Washington, DC 20534.

**III.    Jurisdiction**

5.      This Court has jurisdiction over Wardrick's RFRA claims under 28 U.S.C. § 1331.

**IV.    Statement of Facts**

6.      Wardrick is a practicing Christian who is incarcerated in federal prison. Wardrick sincerely believes, consistent with his Christian faith, that he must provide and care for his family emotionally, spiritually, and financially (hereinafter referred to as "religious beliefs").

7.      Providing and caring for Wardrick's family emotionally, spiritually, and financially, according to Wardrick's sincerely held beliefs, means Wardrick, among other things: (a) having regular one on one contact with family members outside of the correctional environment; (b) attending church with Wardrick's family; (c)

ministering, in person, with Wardrick's family members in times of crisis; (d) mentoring Wardrick's children in the community; and (e) maintaining regular community employment which enables Wardrick to financially provide for his family.

8. Wardrick is unable to adhere to his important religious beliefs while confined at the Federal Correctional Institution in McKean, Pennsylvania ("FCI McKean").

9. National BOP policy or practice does not allow inmates who are incarcerated at a Federal Correctional Institution, Federal Prison Camp, United States Penitentiary, Federal Medical Center, Federal Detention Center, or Metropolitan Correctional Center, to: (a) have regular one on one contact with family members outside of the correctional environment; (b) attend church in the community with family members; (c) minister, in person, with family members in times of crisis; (d) mentor their children in a community setting; and (e) maintain regular employment in the community in order to financially provide for family members.

10. Wardrick requested that he be transferred to an RRC for the remainder of his sentence because FCI McKean cannot accommodate

his religious beliefs. Wardrick sincerely believes that an RRC can accommodate his sincerely held religious beliefs.

11. Wardrick specifically cited RFRA in making his request for transfer to an RRC.

12. The Warden at FCI McKean denied Wardrick's request for transfer to an RRC.

13. The Warden advised Wardrick that "[e]ven though religion is an essential right of the individual to practice while being incarcerated, *it is not a factor used to determine placement to a RRC.*"

14. Wardrick appealed the Warden's decision through the Bureau of Prisons' Administrative Remedy Program.

15. Ian Connors, Administrator National Inmate Appeals, denied Wardrick's final grievance appeal. Connors advised Wardrick that the BOP Central Office "concur[red] with the manner in which the Warden […] addressed your concerns." Connors further stated that "no inmate is entitled to either RRC placement or placement of particular duration."

16. Current national BOP policy or practice does not recognize the authority of Wardens to transfer an inmate to an RRC in order to comply with RFRA.

17. The RFRA "applies to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993." 42 U.S.C. § 2000bb-3.

18. An RRC is a "penal or correctional facility" under 18 U.S.C. § 3621(b).

19. RRCs permit inmates to: (a) have regular one on one contact with family members outside of the correctional environment; (b) attend church in the community with family members; (c) minister, in person, with family members in times of crisis; (d) mentor their children in a community setting; and (e) maintain regular employment in the community in order to financially provide for family members.

**Count One**

20. Paragraphs 1-19 are hereby reincorporated as fully set forth herein.

21. BOP's national policy or practice of refusing to consider RFRA when deciding the length and location of RRC placement for inmates, like Wardrick, is unlawful.

**Count Two**

22. Paragraphs 1-19 are hereby reincorporated as fully set forth herein.

23. BOP is violating RFRA by refusing to recognize that RFRA, in appropriate cases, confers a statutory right to RRC placement, including RRC placement for a particular duration.

**Count Three**

24. Paragraphs 1-19 are hereby reincorporated as fully set forth herein.

25. BOP's refusal to transfer Wardrick to an RRC for the remainder of his sentence, as a result of unlawful national BOP policies or practices, violates RFRA.

**Relief Requested**

26. Wardrick requests the following injunctive relief:

    (a) An order requiring the BOP to evaluate all RRC placement decisions, including the length and location of such placements, consistent with RFRA;

    (b) An order directing the BOP to transfer Wardrick to an RRC for the duration of his sentence consistent with RFRA;

27. Wardrick requests a declaratory judgment that BOP's national policies or practices, as described in Counts One and Two, violates RFRA.

28. Wardrick requests his costs and attorney's fees.

29. Finally, Wardrick urges the Court to grant him any and all other relief the Court deems just and fit.

Respectfully submitted,

/s/Brandon Sample
Brandon Sample
Brandon Sample PLC
Bar ID: TX0144
P.O. BOX 250
Rutland, VT 05702
Tel: 802-444-4357
E-mail: Brandon@brandonsample.com
https://brandonsample.com/
https://sentencing.net

*Counsel for Donald Wardrick*