UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD WARDRICK,

       Plaintiff,

   v.

FEDERAL BUREAU OF PRISONS,

       Defendant.

Civil Case No. 19-184

## MEMORANDUM OPINION

Plaintiff Donald Wardrick, a federal prisoner currently incarcerated in FCI McKean (located in Lewis Run, Pennsylvania), brings this action against defendant Federal Bureau of Prisons ("BOP") seeking relocation to a Residential Reentry Center ("RRC") that is close to his family for the remainder of his sentence. He argues that the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*, entitles him to this accommodation because of his sincerely held Christian beliefs.

For its part, defendant argues that plaintiff's case is not ripe, and even if it is, the Court lacks personal jurisdiction because plaintiff's claims should have been brought in a habeas petition in the district court where he is imprisoned. Finally, defendant argues that plaintiff fails to state a claim under RFRA.

Before the Court is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (4), and (6). For the reasons that follow, the Court will grant defendant's motion to dismiss pursuant to Rule 12(b)(6).

1

**Background**

Plaintiff is currently serving a 360-month term of incarceration in FCI McKean for heroin-related offenses, and his scheduled release date is October 29, 2021. Def.'s Mot. Dismiss 3, ECF No. 6. FCI McKean is a medium-security facility with an adjacent satellite prison camp which houses minimum-security male inmates, including plaintiff. *Id.* The prison is approximately 220 miles from plaintiff's pre-incarceration residence. *Id.*

Plaintiff believes his Christian faith requires him to emotionally, spiritually, and financially care for his family. Compl. ¶ 6, ECF No. 1. This includes:

> (a) having regular one on one contact with family members outside of the correctional environment; (b) attending church with [his] family; (c) ministering, in person, with [his] family members in times of crisis; (d) mentoring [his] children in the community; and (e) maintaining regular community employment which enables [him] to financially provide for his family.

*Id.* ¶ 7. Plaintiff alleges that he is unable to adhere to these beliefs at FCI McKean, but he would be able to adhere to these beliefs if defendant transferred him to an RRC.[1] *Id.* ¶¶ 8–10.

Plaintiff's complaint (1) challenges "BOP's national policy or practice of refusing to consider RFRA when deciding the length and location of RRC placement for inmates"; (2) asserts that "BOP is violating RFRA by refusing to recognize that RFRA, in appropriate cases, confers a statutory right to RRC placement, including RRC placement for a particular duration"; and (3) claims that "BOP's refusal to transfer Wardrick to an RRC for the remainder of his sentence, as a result of unlawful national BOP policies or practices, violates RFRA." *Id.* ¶¶ 21, 23, 25. He seeks injunctive and declaratory relief. *Id.* ¶¶ 26–27.

---

[1] An RRC is also known as a "halfway house." *See United States v. Crawford*, 312 F. Supp. 3d 31, 34–35 (D.D.C. 2018).

**Discussion**

Defendant claims that 18 U.S.C. § 3624(c)(1) governs plaintiff's request to be transferred to an RRC. The Second Chance Act of 2007 ("SCA") amended BOP's pre-release standards to read as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The SCA requires BOP to consider placing an inmate in an RRC during the inmate's final months of incarceration, but it does not require such a transfer to be made. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

   a. *Ripeness*

Based on the statute's text and BOP protocols, defendant argues that plaintiff's claim is not ripe and therefore cannot be heard by this Court. Def.'s Mot. Dismiss 8 (citing *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003)). According to defendant, inmates are not considered for the maximum RRC placement of twelve months until they are between seventeen and nineteen months from their projected release date. *Id.* at 8–9. Even if the Court accepts defendant's reading of the statute and the validity of BOP protocols, the passage of time has sufficiently dealt with this argument. At the time defendant filed its motion to dismiss, plaintiff's release date was approximately thirty months away. *Id.* at 9. At the present time, defendant's release date is between eighteen and nineteen months away. The Court therefore rejects dismissal on these grounds.

### b. Personal Jurisdiction

Defendant also argues that the Court lacks personal jurisdiction because plaintiff should have brought his claims in a petition for a writ of habeas corpus against his prison warden in the Western District of Pennsylvania (the federal district where FCI McKean is located). See *id.* at 10–11. According to defendant's reading of Section 3624(c)(1), plaintiff cannot be transferred to an RRC at this time because doing so would exceed the maximum RRC placement allowance of twelve months. *Id.* at 9. And so, defendant claims that plaintiff's request to be transferred to an RRC for a period of more than twelve months is effectively a bid to shorten his sentence, which is properly brought through habeas. *Id.* at 10. Put differently, defendant understands plaintiff's request for an accommodation to be a challenge of his underlying conviction or sentence. *See id.*

But defendant's reading of Section 3624(c)(1) is overly rigid and ignores the BOP Director's broad discretion under 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."). Section 3621(b) states:

> The Bureau may designate *any* available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>    (1) the resources of the facility contemplated;
>    (2) the nature and circumstances of the offense;
>    (3) the history and characteristics of the prisoner;
>    (4) any statement by the court that imposed the sentence—
>        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>        (B) recommending a type of penal or correctional facility as appropriate; and
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (emphasis added).

The SCA does not restrict BOP's discretion under Section 3621(b) in deciding which "penal or correctional facility" to place prisoners like plaintiff. So, unless defendant can prove that placement in an RRC amounts to an early release from a sentence, plaintiff need not bring his case as a habeas petition against FCI McKean's warden.

Plaintiff claims that an RRC qualifies as a "penal or correctional facility" under Section 3621(b) in his complaint, *see* Compl. ¶ 18, but the Court cannot accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In his opposition brief, plaintiff explains that other circuits have considered halfway houses to be "penal or correctional facilit[ies]" under Section 3621(b). Pl.'s Mem. Opp. Mot. Dismiss 13, ECF No. 11 (citing *Rodriguez v. Smith*, 541 F.3d 1180, 1189 (9th Cir. 2008); *Wedelstedt v. Wiley*, 477 F.3d 1160, 1161–62 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1091 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005)). In accordance with the Second, Third, Eighth, Ninth, and Tenth Circuits, the Court holds that prisoners who are released to RRCs still serve the remainder of their sentences, albeit in different circumstances, so an RRC qualifies as a "penal or correctional facility" under Section 3621(b).

It follows then that plaintiff properly brought this action against BOP. The Court does not lack personal jurisdiction, and venue and service are also proper. The Court rejects dismissal on these grounds.

   c. *Religious Freedom Restoration Act*

Congress enacted RFRA in response to *Employment Division v. Smith*, 494 U.S. 872 (1990). *See* 42 U.S.C. § 2000bb(a)(4). The Supreme Court's *Smith* decision "virtually eliminated the requirements that the government justify burdens on religious exercise imposed by laws neutral toward religion." *Id.* In *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court held

5

RFRA unconstitutional as applied to state action, *id.* at 514, but, "the portion of RFRA remaining after *City of Boerne* . . . the portion . . . applicable to the federal government . . . survived the Supreme Court's decision striking down the statute as applied to the States." *Henderson v. Kennedy*, 265 F.3d 1072, 1073 (D.C. Cir. 2001). RFRA's application to the federal government includes "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States." 42 U.S.C. § 2000bb-2(1). Accordingly, RFRA applies to BOP.

RFRA prevents the federal government from imposing a "substantial[] burden" on a person's religious exercise "even if the burden results from a rule of general applicability," unless the government demonstrates a "compelling governmental interest," and uses the "least restrictive means" of furthering that interest. 42 U.S.C. § 2000bb-1(a), (b). A RFRA plaintiff's "beliefs 'must be sincere and the practice[] at issue must be of a religious nature.'" *Kaemmerling v. Lappin*, 553 F.3d 669, 678 (D.C. Cir. 2008) (alteration in original) (quoting *Levitan v. Ashcroft*, 281 F.3d 1313, 1320 (D.C. Cir. 2002). "A substantial burden exists when government action puts 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981)). Defendant argues that plaintiff fails to state a claim under RFRA and seeks to dismiss the case pursuant to Rule 12(b)(6). Def.'s Mot. Dismiss 14.

A party may move to dismiss a case under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To move plaintiff's case past a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Plausibility requires that his complaint raises "more than a sheer possibility that [BOP] has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In evaluating defendant's Rule 12(b)(6) motion, the Court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017).

At this stage, the Court must construe the complaint in plaintiff's favor and grant him the benefit of all inferences that can be derived from his factual allegations. *Hettinga*, 677 F.3d at 476. Plaintiff alleges that his Christian faith requires him to emotionally, spiritually, and financially care for his family and that he cannot do so while residing in FCI McKean. He alleges that being transferred to an RRC would permit him to address his family's emotional, spiritual, and financial needs because he would have access to the general community. *See* Compl. ¶ 19 ("RRCs permit inmates to: (a) have regular one on one contact with family members outside of the correctional environment; (b) attend church in the community with family members; (c) minister, in person, with family members in times of crisis; (d) mentor their children in a community setting; and (e) maintain regular employment in the community in order to financially provide for family members."). Accepting these factual allegations as true, plaintiff has plausibly alleged that BOP's inmate placement policies and practices, which do not include an inmate's religious beliefs as a factor for consideration, substantially burden plaintiff's sincerely held religious beliefs.

Defendant argues that BOP has a "compelling government interest in not releasing an inmate to the community prior to the statutory service of his sentence" and "seeing that the criminal sentences imposed by the judicial branch are carried out." Def.'s Mot. Dismiss 18–19. But these arguments suffer from the same flaw as defendant's personal jurisdiction challenge: they assume that transferring plaintiff to an RRC amounts to shortening his sentence.

Despite this, plaintiff's RFRA claims are still implausible on their face. BOP possesses a compelling governmental interest to place inmates in appropriate correctional facilities to ensure the safety of other inmates and the general community. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area."). And so, even if the Court permits discovery to go forward in this case, plaintiff's claims will still fail as a matter of law because the relief he is requesting is not a less restrictive means of furthering BOP's compelling governmental interest. Far from furthering BOP's compelling governmental interest, the relief plaintiff seeks undermines that interest.

Plaintiff argues that he is merely seeking a religious accommodation similar to the plaintiff's request in *Holt v. Hobbs*, 574 U.S. 352 (2015). Pl.'s Mem. Opp. Mot. Dismiss 10. In *Holt*, the plaintiff sought to grow a half-inch beard while incarcerated in order to live in accordance with his sincere Islamic beliefs. 574 U.S. at 355–56. But growing a half-inch beard violated the Arkansas Department of Correction's grooming policy. *Id.* at 356. The Supreme Court held that the government had a compelling interest in maintaining "prison safety and security" because of its valid concerns regarding the identification of prisoners and the hiding contraband in prisoners' beards. *See id.* at 363, 365. The Court ultimately ruled in the plaintiff's favor because the

government had not demonstrated that its grooming policy was the least restrictive means of furthering its compelling interest. *Id.* at 364, 369.

But plaintiff's desired remedy here is much different than the one sought in *Holt*. He is seeking placement in a correctional facility with less stringent security measures and an elevated level of access to the general community. As defendant observes, "RFRA, like it's sister statute the Religious Land Use and Institutionalized Persons Act ('RLUIPA'), does not elevate accommodations of religious observances over the prison's institutional need to maintain good order, security, and discipline or to control costs."[2] Def.'s Mot. Dismiss 17 (citing *Cutter*, 544 U.S. at 722). This is exactly what plaintiff is asking the Court to do.

Ruling in plaintiff's favor would not establish, as defendant suggests, that "no inmates who follow the Christian faith should ever be incarcerated." Def.'s Mot. Dismiss 16. But doing so would significantly hinder BOP's ability to weigh the appropriate factors (as prescribed in Section 3621(b)) in deciding where inmates ought to serve the duration of their sentences. Plaintiff's desired remedy is not a less restrictive means of advancing BOP's compelling governmental interest, so the Court will grant defendant's motion to dismiss pursuant to Rule 12(b)(6).

---

[2] RLUIPA's religious exercise provision "mirrors RFRA," and "allows prisoners 'to seek religious accommodations pursuant to the same standard as set forth in RFRA.'" *Holt*, 574 U.S. at 357–58 (quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 436 (2006)).

## Conclusion

Even if BOP's policies and practices substantially burden plaintiff's religious beliefs, plaintiff's desired remedy undermines BOP's compelling governmental interest. Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court **GRANTS** defendant's motion to dismiss pursuant to Rule 12(b)(6). A separate order follows.

Date: April 10, 2020

/s/
Royce C. Lamberth
United States District Judge